UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                          |   |                                   |
|--------------------------|---|-----------------------------------|
| MARJORIE FUDALI,         | ) |                                   |
|                          | ) |                                   |
| Plaintiff,               | ) |                                   |
|                          | ) |                                   |
| v.                       | ) | Civil Action No. 03-1460 (JMF)    |
|                          | ) |                                   |
| PIVOTAL CORPORATION,     | ) |                                   |
|                          | ) |                                   |
| Defendant.               | ) |                                   |

**MEMORANDUM OPINION**

I.  **INTRODUCTION**

On December 2, 2010, I ordered the defendant, Pivotal Corporation ("Pivotal") to "comply with my order of October 12, 2010, granting plaintiff's motion to compel, by December 14, 2010, including making Derrick Anderson available for deposition." Order of December 2, 2010 [#239].

On December 2, 2010, plaintiff's counsel, Neil L. Henrichsen ("Henrichsen") e-mailed defendant's counsel, Kevin B. Bedell ("Bedell"), and asked him to provide dates for the deposition of Derrick Anderson ("Anderson") as well as three other persons. Plaintiff's Opposition to Defendant's Motion for Extension of Time for Defendant to Produce Discovery ("Opp. Time") [#247], Exhibit A.  On December 3. 2010, Henrichsen served a re-notice of Anderson's deposition, setting the deposition for Thursday, December 9, 2010, at 9:00 a.m. at Greenberg Traurig, LLP's Atlanta offices. Id.  On December 7, 2010, however, Bedell indicated that he would not be traveling to Atlanta for the deposition, and told Herichsen by e-mail, "[D]on't expect anyone to appear then." Id. at Exhibit B.  In an e-mail dated December 10, 2010,

Bedell stated that Stephen Dexter ("Dexter"), the president of Pivotal since summer 2010, who was scheduled to be deposed on December 16, 2010, would not be a 30(b)(6) deponent; Bedell further asked Henrichsen to indicate why he believed Dexter had relevant knowledge. Id. at Exhibit C. In another e-mail sent December 10, Bedell stated that he could not guarantee he would be available for the deposition by 1:00 p.m. on December 14, and that he was certainly not available on December 13. Id. On Saturday, December 11, 2010, as a final offer, Henrichsen offered to take the depositions of Anderson, Dexter, and the 30(b)(6) deponents on December 16, 2010, in Atlanta. Id.

On December 14, 2010, however, Bedell filed defendant Pivotal's Motion for Extension of Time for Defendant to Produce Discovery [#243]. On December 15, 2010, Henrichsen e-mailed Bedell, indicating that he was heading to Atlanta that evening for the depositions of Dexter and the Pivotal 30(b)(6) deponents, which were noticed on December 6 and 7, 2010, and that, unless he heard otherwise, he expected the witnesses to be presented per the notices. Opp. Time at Exhibit D. Bedell responded, "We already filed a motion on one of these, so you obviously know the answer on that one." Id. Henrichsen's colleague e-mailed Bedell on the afternoon of December 15, advising him that Henrichsen was already on his way to Atlanta to take the depositions on December 16. Id. Bedell responded, indicating that the depositions would not be taken because of the motion he had filed on December 14. Id.

## II. MOTIONS FOR EXTENSIONS OF TIME

### A. The Motions for Extension of Time Must Be Stricken

Unfortunately for Pivotal, the motion it filed on the 14th was not timely filed. My Order required full compliance, including making Anderson available for a depositon, "by December

2

14, 2010." Order of December 2, 2010. Federal Rule of Civil Procedure 6(b) requires that a motion seeking an extension of time within which to comply with an obligation, such as a court order, be "made before the original time." Fed. R. Civ. P. 6(b)(1)(A). The CM/ECF system captures the precise time when a motion is filed. Defendant Pivotal's Motion for Extension of Time for Defendant to Produce Discovery [#243] was filed at 8:29 p.m. on December 14, 2010. While in a world of electronic filing, the meaning of the word "before" in Rule 6(b) may raise some nice questions, every rational person would have to agree that a filing made after 8:00 p.m. on the day the obligation is due cannot possibly be said to have been filed "before" that obligation was due.[1] Indeed, it would have been impossible for me to have acted on the motion on December 14, 2010, since I had already left for the day when it was filed.[2]

Since the motion was not timely filed and the deadline for compliance had expired, a motion for extension of time should have been accompanied by a motion for leave to file it that established excusable neglect for failing to file it on time. Fed. R. Civ. P. 6(b)(1)(B). See Smith v. District of Columbia, 430 F.3d 450, 456-57 (D.C. Cir. 2008). No such motion having been filed, the motions that were filed will be stricken, meaning that Pivotal failed to comply with my Order.

### B. Expenses Will Be Awarded

Because the Court did not and could not have acted before the December 14 deadline,

---

[1] Defendant Pivotal also filed a Supplementary Motion for Extension of Time [#245] with regards to the scheduled December 16, 2010 deposition of Dexter, which was filed on December 15, 2010 at 4:19 p.m. For the same reasons as the motion at Docket #243, the supplementary motion will be stricken for failing to file it on time.

[2] My calendar reflects that I had a dinner engagement that evening, and I recall leaving my chambers at about 6:15 p.m.

Pivotal had no justification for its failure to appear for the depositions scheduled for December 16. Since it did not appear, and had not moved for a protective order seeking to postpone those depositions, under Rule 37(d)(3) of the Federal Rules of Civil Procedure, Pivotal will have to pay all expenses Henrichsen incurred and reasonable attorney's fees for his having to go to Atlanta for the depositions that never took place. Fed. R. Civ. P. 37(d)(3).

**III.    MOTION FOR CONTEMPT AND SANCTIONS**

In light of Pivotal's failure to comply with my Order of December 2, 2010 by the December 14 deadline, plaintiff filed <u>Plaintiff's Motion for Contempt and Sanctions, Incorporated Memorandum of Points and Authorities in Support Thereof and Request for Hearing Pursuant to LcvR 78.1</u> ("Mot. Contempt") [#244]. As I noted in my Memorandum Opinion of the same day, "civil sanctions must not be punitive–they must be calibrated to coerce compliance or compensate a complainant for losses sustained." <u>Memorandum Opinion</u> ("Memo. Op.") [#240] at 4 (citing <u>In re Fannie Mae Sec. Litig.</u>, 552 F.3d 814, 823 (D.C.Cir. 2009)). At the time the present motion was filed–December 15, 2010–Pivotal had failed to comply with my Order, and there seemed a need for coercion. However, it is my understanding that the depositions of Anderson, Dexter, and the 30(b)(6) deponents have since taken place. <u>Opposition to Motion for Contempt and Sanctions</u> ("Opp. Contempt") [#259] at 1. It is my further understanding that defendant Pivotal provided responses to plaintiff's second set of interrogatories and requests for production on December 22, 2010. <u>Id.</u>

Plaintiff clearly cannot be seeking to compel compliance on the depositions at issue in this motion. The remedy for Pivotal's failure to appear at the noticed deposition falls under Federal Rule of Civil Procedure 37(d)(3), as discussed above, and requires Pivotal to pay the

4

expenses plaintiff incurred because Henrichsen had to travel to Atlanta for a deposition that never took place.

As for Pivotal's written responses, plaintiff argues that Pivotal's answers were untimely, and therefore, "the objections are waived and the requests should have been fully answered." Plaintiff's Reply to Defendant's Opposition to Motion for Contempt and Sanctions ("Rep. Contempt") [#261] at 2. It is true that, under Federal Rule of Civil Procedure 33(b)(4), objections to interrogatories that are untimely are waived unless there is good cause shown. Fed. R. Civ. P. 33(b)(4). See Byrd v. Reno, 96-CV-2375, 1998 LEXIS 11855, at *9-10 (Feb. 12, 1998) (Facciola, J.). It is also true that federal courts have treated requests for production in a similar manner, despite the absence of a similar clause in Federal Rule of Civil Procedure 34, and have held that a failure to file a timely objection to a request for production may be deemed a waiver unless there is good cause. Id. at 10.

The remedy for such waivers of objections is for the court to compel the offending party's responses. Id. at 11. However, Pivotal has now provided substantive answers to interrogatories and produced documents. While I have found some responses to be adequate, there are others where Pivotal broadly refers plaintiff to deposition testimony transcripts or bank records, or where Pivotal states that its burden of deriving an answer is equal to plaintiff's, implying that it does not need to answer. See Rep. Contempt at Exh. 2, ¶¶ 2, 6, 7, 8, 11, and 12. This is insufficient. I do not find that these responses specify, as the Federal Rules of Civil Procedure require, "the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). The Advisory Committee explained that this sentence was added to the Rule in 1980 "to make it

clear that a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived." Fed. R. Civ. P. 33 advisory committee's notes (1980 amendment). Directing a party to a "mass of business records" is improper. Id. See In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 320, 325-26 (N.D. Ill. 2005); Morin v. Nationwide Fed. Credit Union, 229 F.R.D. 364, 366 (D. Conn. 2005); Cambridge Elecs. Corp. v. MGA Elecs., Inc., 227 F.R.D. 313, 323 (C.D. Cal. 2004); Pulsecard, Inc. v. Discover Card Svcs., 168 F.R.D. 295, 305 (D. Kan. 1996) ("Under the guise of Fed. R. Civ. P. 33(d) defendants may not simply refer generically to past or future production of documents. They must identify in their answers to the interrogatories specifically which documents contain the answer. Otherwise they must completely answer the interrogatories without referring to the documents.").

Pivotal will submit specific responses to interrogatories 2, 6, 7, 8, 11, and 12. I expect Pivotal to designate the specific pages of the witnesses' depositions where the responses may be found, and to identify by Bates number or by attaching the document to the answers any specific documents that provide the answer to the interrogatory in question.

The only other remedy potentially available is the one specified in Federal Rule of Civil Procedure 37(b)(2)(C), *i.e.*, the payment of her expenses caused by an alleged failure to comply with an order. Fed. R. Civ. P. 37(b)(2)(C). See Memo. Op. at 5. Plaintiff, however, has not specified what expenses were caused by the failure to comply with the Order as it relates to the written responses, and the expenses for failing to appear at the deposition in Atlanta are covered by Rule 37(d)(3), as discussed above. Therefore, plaintiff's motion for contempt and sanctions will be granted to the extent she is entitled to expenses and attorney's fees under Rule 37(d)(3), and to the extent that I am requiring Pivotal to provide specific references in its interrogatory

responses. The remainder of the motion will be denied.

## IV. FEES FOR PLAINTIFF'S MOTION TO COMPEL

Also in my Order of December 2, 2010, I ordered Pivotal to show cause why plaintiff should not be awarded attorney's fees under Federal Rule of Civil Procedure 37(a)(5)(A) in light of the success of her earlier motion to compel. Pivotal filed its response to the order to show cause on December 10, 2010. See Defendant's Response to Order to Show Cause ("Response") [#242].

Pivotal makes much of the fact that plaintiff filed the motion to compel before the discovery responses were due, and speculates that, under Rule 37(a)(5)(A), this could have led to its paying fees even if it produced Anderson for deposition and produced documents before they were due. Response at 2. However, Pivotal also makes clear that, by May 2, 2010, it had already conveyed to plaintiff that, without a court ruling on its motion for a protective order, it would not be responding. Id. Had Pivotal had a sudden change of heart, and produced the documents and Anderson in a timely manner, plaintiff's motion would have been moot, and there would not have been any award of fees. Plaintiff filed the motion when she did because "there could be no confusion as to defendant's position" (Id.), thus leaving no reason to wait.

In addition, as I made clear in my Order, Pivotal was free to set forth its position stating that it was awaiting my ruling on its protective order as its opposition to plaintiff's motion to compel. Memorandum Opinion of December 2, 2010 [#240] at 8 n.6. It had no liberty, however, to ignore the Local Rules concerning the filing of an opposing memorandum, and expect that the Court would not find it in default when it did not speak up beforehand. Therefore, I will order that plaintiff receive expenses and reasonable attorney's fees incurred in preparing Plaintiff

Fudali's Motion to Compel Defendant Pivotal Corporation to Respond to Post-Judgment Discovery Requests, Deposition of Derrick Anderson, for Sanctions and Request for Expedited Oral Hearing [#202].

## V. MOTIONS TO UNSEAL DOCUMENTS

Finally, also before me at this time are Plaintiff's Motion to Unseal ECF No. 251 and All Exhibits and Incorporated Points and Authorities in Support [#253] and Plaintiff's Motion to Unseal ECF No. 252 and All Exhibits and Incorporated Points and Authorities in Support [#254].

As to the first motion, the document at No. 251 was originally filed under seal as Pivotal's Opposition to Motion to Appoint a Receiver; however, that entry was corrected to indicate that it was the Notice Regarding Filing of Sealed Material on December 28, 2010. Docket No. 251. That notice is not sealed, and thus plaintiff's motion regarding the document at No. 251 will be denied as moot.

The document at No. 252 is Pivotal's Opposition to Motion to Appoint a Receiver, which remains under seal. In my Order of June 5, 2009, I unsealed all of my orders and opinions in this case, redacting only specific pricing information from the public versions. Fudali v. Pivotal Corp., 623 F. Supp. 2d 25, 28 (D.D.C. 2009). I will now order that all prior orders that purported to permit the parties hereto to file documents under seal will be vacated, and that all documents will be filed in the public file, unless a motion to file them under seal is made in accordance with Rule 5.1(j) of the Local Rules of Civil Procedure. As such, plaintiff's motion to unseal the document at No. 252 will be denied as moot in light of the present Order.

## VI. CONCLUSION

A separate Order accompanies this Memorandum Opinion.

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE